IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
17-CV-842

| | |
|---|---|
| JAMES ASHBURN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WIELAND COPPER PRODUCTS, LLC; )<br>THE LINCOLN NATIONAL LIFE )<br>INSURANCE COMPANY, )<br>)<br>)<br>Defendants. ) | **COMPLAINT** |

COMES NOW the Plaintiff, James Ashburn, by and through the undersigned counsel, complaining of the defendants, alleging the following:

**JURISDICTION AND VENUE**

1. This is an action for declaratory, equitable and injunctive relief based on plaintiff's right to long term disability income benefits to which plaintiff is entitled as a result of his total disability; and other benefits based on his status as a disabled employee of Wieland Copper Products, LLC. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and more particularly, 29 U.S.C. § 1132(a)(1)(B).

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1).

3. The employee welfare benefit plan at issue in this case was administered in the Middle District of North Carolina; and venue is therefore proper in this court pursuant to 29 U.S.C. § 1132(e)(2).

1

## PARTIES

4. The Plaintiff, James Ashburn, is an adult disabled resident of Rockingham County, North Carolina. At the onset of plaintiff's disability, plaintiff was an "employee" of Wieland, as more fully described below, within the meaning of 29 U.S.C. § 1002(6).

5. Wieland Copper Products, LLC ("Wieland") is a corporation organized and existing under the laws of the State of North Carolina. At all times pertinent to this action, defendant Wieland operated a manufacturing facility and transacted business in the Middle District of North Carolina. At all times pertinent to this action, defendant Wieland was an "employer" of plaintiff, within the meaning of 29 U.S.C. § 1002(5);

6. The defendant, The Lincoln National Life Insurance Company "Lincoln", is engaged in the insurance business. As more fully described below, Lincoln provides long term disability (LTD) insurance coverage for North Carolina employers, including the plan providing LTD benefits for employees of Wieland, Group Policy No. 000010114747 (at times designated as Group Policy No. 00001011474700000) ("LTD Plan"). As such, defendant Lincoln is obligated under its policy below to pay all LTD Plan benefits to which plaintiff may be entitled.

## THE LTD PLAN

7. As stated above, the LTD Plan constitutes an "employee welfare benefit plan", as defined in 29 U.S.C. § 1002(1).

8. The LTD Plan provides that any employee of Wieland who becomes totally disabled due to sickness or injury is, after the "elimination period" of 180 days, entitled to 60% of his

2

monthly earnings each month during the period of his disability until the expiration of the "maximum benefit period".

9. At all times pertinent to this action, plaintiff was a "participant" of the LTD Plan within the meaning and definition of 29 U.S.C. § 1002(7).

10. Defendant Lincoln issued Group Policy No. 000010114747 (at times designated as Group Policy No. 00001011474700000) to provide LTD insurance covering LTD income benefits for defendant Wieland's employees under the LTD Plan.

11. Defendant Lincoln is in possession of all master LTD Plan documents.

## FACTS

12. For approximately thirty three years prior to becoming disabled in 2010, plaintiff was employed full time by defendant Wieland, ultimately as a Maintenance Machine Repairer.

13. Plaintiff has been out of work since approximately October 18, 2010 for multiple medical problems including but not limited to chronic ischemic heart disease and COPD.

14. Initially, Plaintiff was approved for short term disability benefits which extended through on or about April 16, 2011. He thereafter made a timely application for and was approved for continuous long term disability benefits under the LTD plan through July 28, 2015.

15. Because of his conditions, plaintiff is limited in his ability to ambulate and perform many activities. Plaintiff's treating physician, Dr. Edward Lee Hawkins has vehemently and continuously opined that he is unable to return work, repeatedly describing in great detail his symptoms and the limitations that they create.

16. Plaintiff has remained continuously and totally disabled from work since October of 2010.

## CLAIM FOR LTD BENEFITS

17. Following exhaustion of short term disability benefits in April of 2011, Plaintiff applied for and was approved for LTD Plan benefits in accordance with the LTD Plan. He received these benefits from April of 2011 through July 28, 2015. At which point, he was denied further long term disability benefits under the LTD Plan, based on Lincoln's contention that Plaintiff could perform alternative work under an "any occupation" standard. Pursuant to Lincoln's denial letter of July 28, 2015, Plaintiff was permitted to appeal the decision within 180 days and provide further proof of claim/continued disability under the LTD Plan.

18. Lincoln's decision was based on erroneous and false information.

19. Plaintiff timely appealed the denial of his LTD Plan benefits through defendant Lincoln's internal review procedures.

20. On February 24, 2016, Lincoln upheld the termination and denial of further benefits under the LTD Plan.

21. Plaintiff submitted additional evidence of plaintiff's disability and timely requested a second appeal to defendant Lincoln of the termination of benefits through the LTD Plan's administrative appeal procedure.

22. Defendant Lincoln issued its final decision denying Plaintiff's continuing benefits under his LTD Plan claim on November 18, 2016.

23. Defendant Lincoln's decision terminating Plaintiff's LTD Plan benefits was made without a full and fair review of the substantial medical and other evidence of disability, and was not based on a reasoned decision-making process.

24. Defendant Lincoln has determined Plaintiff's disability pursuant to a conflict of interest since it was obligated under its policy to pay LTD Plan benefits to plaintiff in the event that he was found disabled.

25. Plaintiff has exhausted all administrative review procedures provided by the LTD Plan.

## CLAIM FOR RELIEF

26. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

27. As stated above, plaintiff remains totally disabled from all employment, including but not limited to his employment with defendant Wieland, and he otherwise meets the conditions of coverage under the LTD Plan; and remained totally disabled thereafter. Accordingly, plaintiff is entitled to LTD Plan benefits for the period of his continuing disability.

28. As direct and proximate result of defendants' violations of ERISA, plaintiff has been deprived of his LTD Plan benefits to which he was entitled as a disabled employee of defendant Wieland.

29. Plaintiff is entitled to declaratory, equitable and injunctive relief establishing plaintiff's entitlement to past and future LTD Plan income benefits on a monthly basis through the period of total disability, as well as other employment benefits to which plaintiff would be entitled as a disabled employee of defendant Wieland, pursuant to 29 U.S.C. § 1132(a)(1)(B).

30. Plaintiff is entitled to recover his attorney's fees for his representation herein pursuant to 29 U.S.C. § 1132(g).

## REQUEST FOR RELIEF

WHEREFORE, plaintiff requests the following relief:

5

A. That this Court issue a declaratory judgment that plaintiff is entitled to long term disability benefits under the LTD Plan from the date of termination of his benefits and continuing through his disability and/or through the expiration of his maximum benefit period;

B. That the plaintiff recover of defendants, jointly and severally, all benefits to which he is entitled under the LTD Plan;

C. That this Court grant equitable and injunctive relief, ordering defendant Wieland to reinstate plaintiff, retroactively, as a participant in its other employment benefit plans to which plaintiff would be entitled as a disabled employee of defendant Wieland, and reimburse plaintiff for all losses which he has sustained as a result of the wrongful termination of plaintiff from said plans;

D. That plaintiff recover pre-judgment and post-judgment interest on all amounts recovered herein;

E. That plaintiff recover the costs of this action, including reasonable attorney's fees for his representation herein pursuant to 29 U.S.C. § 1132(g), and

F. That this Court award such other relief as it deems just and proper.

This the 21 day of September, 2017.

Heather Hodgman Jahnes,
Attorney for Plaintiff
State Bar No: 32724
THE HODGMAN LAW FIRM, PA
Post Office Box 3245
Greensboro, North Carolina 27402
Telephone: (336) 373-0934
Facsimile: (336) 373-0160
hphodgman@gmail.com